UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| HECTOR ALONZO | ] | |
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:12-0329 |
| | ] | Judge Campbell |
| HENRY STEWARD, WARDEN | ] | |
| Respondent. | ] | |

### **M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Henry Steward, Warden of the facility, seeking a writ of habeas corpus.

### I. Background

On April 5, 2001, a jury in Davidson County found the petitioner guilty of conspiracy to possess with the intent to sell more than seventy (70) pounds of marijuana within one thousand (1000) feet of a school zone. Docket Entry No.28-1 at pg.67. For this crime, he received a sentence of fifteen (15) years in prison, to be served at one hundred percent (100%). *Id.* at pgs.84,165.[1]

While review of the conviction was pending on direct appeal,

---

[1] The petitioner rejected a plea offer of twelve (12) years at thirty percent (30%). Docket Entry No.28-24 at pg.63.

1

the petitioner learned that the chief investigator (TBI Special Agent Patrick Howell) on his case had been arrested and convicted of tampering with evidence and using illegal drugs. Docket Entry No.28-10 at pgs.127-150. Special Agent Howell had testified against the petitioner. A petition for writ of error coram nobis based upon his misconduct was filed in the Criminal Court of Davidson County. *Id.* at pgs.17-20.

The appellate proceedings were stayed during the pendency of the coram nobis petition. *Id.* at pgs.33-34. Following an evidentiary hearing, the trial court found merit in the petitioner's request for coram nobis relief. The writ was granted, the petitioner's conviction was vacated and he was granted a new trial. Docket Entry No.28-11 at pgs.31-37.

On appeal, the Tennessee Court of Criminal Appeals reversed the granting of coram nobis relief and reinstated the petitioner's conviction and sentence. Docket Entry No.28-18. The Tennessee Supreme Court later affirmed the intermediate court's ruling. State v. Alonzo, 221 S.W.3d 514 (Tenn.2007).

In October, 2007, the petitioner filed a *pro se* petition for post-conviction relief in the Criminal Court of Davidson County. Docket Entry No.28-23 at pgs.5-91. The petitioner was appointed counsel, the petition was twice amended, and the trial court conducted an evidentiary hearing. Following the evidentiary hearing, the trial court denied petitioner's application for post-

2

conviction relief. *Id.* at pgs.163-183. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.28-28.

## II. Procedural History

On March 30, 2012, the petitioner initiated this action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.1). The petition sets forth seventeen claims for relief. These claims include :

1) the evidence was insufficient to support the conviction;

2) the prosecution withheld exculpatory evidence, i.e., the misconduct of TBI Special Agent Patrick Howell and evidence relative to Mindy Gail Rutlan;

3) the petitioner was a victim of "sentencing entrapment" or "sentencing factor manipulation";

4) the petitioner was the subject of selective prosecution due to his race;

5) the petitioner should not have been denied instructions for the lesser included offense of facilitation and circumstantial evidence;

6) the petitioner was denied the effective assistance of trial counsel when counsel[2]
   a) failed to investigate and prepare for all aspects of the case;
   b) neglected to interview witnesses such as Joaquin Bonilla, Patrick Howell, Mindy Gail Rutlan and Detective Clark;
   c) did not determine whether the prosecution

---

[2] At trial, the petitioner retained Cynthia Chappell, a member of the Davidson County Bar, to represent him.

3

> had withheld exculpatory evidence
> regarding the misconduct of Patrick
> Howell;
> d) failed to explore the possibility of
> entrapment and sentencing range entrapment
> as viable defenses;
> e) neglected to argue that the petitioner
> was a victim of selective prosecution;
> f) did not request instructions for all
> lesser included offenses;
> g) failed to object to improper statements
> made by the prosecutor;
> h) failed to seek a severance from petitioner's
> co-defendants;
> i) did not object to the introduction of
> tangible exhibits and photographs; and
> j) refused to allow the petitioner to
> testify;

> 7) the trial court erred by allowing the
> introduction of drugs, weapons and ammunition
> into evidence; and

> 8) prosecutorial misconduct occurred when
> the prosecutor had improper communications
> with a juror.

By an order (Docket Entry No.4) entered five days later, the respondent was directed to file an answer, plead or otherwise respond to the petition.

Presently before the Court are respondent's Answer (Docket Entry No.27), the petitioner's Reply (Docket Entry No.38) to the Answer, and the respondent's Surreply (Docket Entry No.44).

Having carefully considered these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no

4

relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985); 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838,845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509,518-520 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). A claim has been fairly presented when the petitioner has raised both the factual and legal bases for his claim in the state courts. Fulcher v. Motley, 444 F.3d 791, 798 (6th Cir. 2006). In other words, the petitioner must present "the same claim under the same theory" to the state courts. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). It is not enough that all the facts necessary to support a federal claim were before the court or that

5

the petitioner raised a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Wilson v. Mitchell, 498 F.3d 491, 498-99 (6th Cir. 2007).[3]

**1) Procedurally Defaulted Claims**

The petitioner alleges that the prosecution withheld exculpatory evidence (Claim No.2)[4], that he was a victim of "sentencing entrapment" (Claim No.3), that the trial court denied him an instruction regarding circumstantial evidence (Claim No.5)[5], that the trial court erred by allowing the introduction of drugs, weapons and ammunition into evidence (Claim No.7), and that the prosecutor improperly had communications with a juror (Claim No.8).[6] These claims were never presented to the state courts for

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

[4] The appellate courts addressed the misconduct of Special Agent Howell but not within the context of a Brady claim. Docket Entry No.28-17.

[5] The Tennessee Supreme Court considered the failure to give an instruction as to facilitation but was not asked to do the same for an instruction regarding circumstantial evidence. Docket Entry No.28-20.

[6] This claim was raised in the state courts as an instance of ineffective assistance rather than as an example of prosecutorial misconduct. Docket Entry No.28-26 at pg.23.

6

consideration during either direct appeal or post-conviction.

In addition, all ineffective assistance claims (Claim Nos.6a-e,6g-j), with the exception of counsel's failure to request an instruction for the lesser included offense of facilitation (Claim NO.6f), were never exhausted in the state courts.

Unfortunately, at this late date, state court remedies for these claims are no longer available. Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. <u>Alley v. Bell</u>, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of a federal constitutional issue forfeits the right to federal review of that issue, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation. <u>Gray v. Netherland</u>, 518 U.S. 152,162 (1996).

A habeas petitioner can not rely on conclusory assertions of

cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. <u>Lundgren v. Mitchell</u>, 440 F.3d 754,764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. <u>Murray v. Carrier</u>, 477 U.S. 478,488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. <u>United States v. Frady</u>, 456 U.S. 152,170-172 (1982).

In his Reply to the Answer, the petitioner urges that the failure to raise his unexhausted ineffective assistance claims is attributable to post-conviction appellate counsel. Docket Entry No.38 at pg.17. The ineffectiveness of appellate counsel can serve as cause for a procedural default. <u>Murray</u>, *supra* at pgs.488-489. However, unless the ineffectiveness of appellate counsel has itself already been fully exhausted as an independent constitutional claim, it cannot serve as cause for another procedurally defaulted claim. <u>Edwards v. Carpenter</u>, 529 U.S. 446,453 (2000). In this regard, the petitioner has never alleged the ineffectiveness of post-conviction appellate counsel as an independent constitutional claim in the state courts. Nor has he shown prejudice resulting from the alleged unexhausted instances of ineffective assistance. Consequently, those claims never fairly presented to the state

8

courts for review will not support an award of habeas corpus relief.

**2) Waived Claim**

During post-conviction proceedings, the petitioner alleged that he was a victim of selective prosecution due to his race (Claim No.4). The Tennessee Court of Criminal Appeals found that this claim had been waived because it could have been raised on direct appeal but was not. Docket Entry No.28-28 at pg.9.

Waiver is an adequate and independent state ground that will support a finding of procedural default. Cone v. Bell, 492 F.3d 743,758 (6th Cir.2007). The petitioner did not raise this claim on direct appeal. He has offered no cause and prejudice from which his procedural default of this claim can be excused. Therefore, this claim is also insufficient to support an award of habeas corpus relief.

**3) Fully Exhausted Claims**

The petitioner's remaining claims of insufficient evidence (Claim No.1) and the failure to instruct as to the lesser included offense of facilitation (Claim Nos.5 and 6f) were fully exhausted on the merits in the state courts.

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of

the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.,* 99 S.Ct. at 2789.

10

Jose Rodriguez was arrested for various drug offenses. He chose to cooperate with the police and informed them that his supplier of illegal drugs could be found at either 1035 Antioch Pike or 1147 Antioch Pike in Nashville. The police decided to take advantage of this information and had Rodriguez call his supplier to arrange to buy one hundred pounds of marijuana at a local carwash.

Officers from the Tennessee Bureau of Investigation and the Metro Police Department established surveillance at the locations on Antioch Pike and the carwash. At the appointed time, two men in a Toyota Camry met with Rodriguez at the carwash. These men left shortly thereafter and drove a short distance to a Walgreen's drug store. There, they met three men in a white Taurus.

The Toyota Camry remained at the Walgreen's while the Taurus left along Antioch Pike. The Taurus was seen entering the driveway at 1147 Antioch Pike. The driver got out of the vehicle and knocked on the door. He stood there a few minutes, returned to the Taurus, and proceeded to 1035 Antioch Pike.

A short time later, the Taurus, accompanied by a black Firebird, drove back to the Walgreen's parking lot where the Toyota Camry was waiting. The three cars then proceeded toward the carwash. The Toyota Camry and the Taurus pulled into the carwash while the black Firebird took position at a nearby parking lot.

A signal was given and the police surrounded the vehicles. The

petitioner was arrested sitting in the rear passenger side of the Taurus. In the trunk of the Taurus, police recovered four trash bags containing approximately one hundred pounds of marijuana. Docket Entry No.28-2 at pgs.66-67. During a search of the Antioch Pike locations, a safe containing money, electronic scales, marijuana, weapons and ammunition were confiscated. Docket Entry No.28-4 at pg.40; Docket Entry No.28-5 at pgs.111-117. Testimony showed that the Taurus carrying the marijuana drove past at least three schools and parked within one thousand feet of another school. Docket Entry No.28-5 at pgs.40-72.

The Tennessee Supreme Court found that this evidence was sufficient to convict the petitioner of conspiracy to possess with the intent to sell more than seventy pounds of marijuana within one thousand feet of a school zone. The petitioner believes that his conviction should not stand because the evidence against him was wholly circumstantial.

Circumstantial evidence alone may be sufficient to support a conviction. Apanovitch v. Houk, 466 F.3d 460,488 (6th Cir.2006). This Court finds, therefore, that the ruling of the state courts on this issue was reasonable and does not offend federal law. Thus, the Court finds no merit in the petitioner's sufficiency of the evidence claim.

The petitioner also claims that error occurred when the jury was not instructed as to the lesser included offense of

12

facilitation (Claim Nos.5 and 6f). The Tennessee Court of Criminal Appeals agreed and stated

> Based upon the circumstantial nature of much of the evidence presented at trial, we conclude the jury could have found that any of the defendants facilitated the conspiracy rather than joined it, and the trial court erred in failing to instruct the jury on the lesser included offense of facilitation of the conspiracy.

Docket Entry No.28-18 at pgs.21-22.

The state court went on to say, however, that due to the overwhelming amount of evidence against the petitioner, the failure to instruct on the lesser included offense of facilitation was harmless error. *Id.* at pg.22.

The Constitution does not require a court to give a lesser included offense instruction in a non-capital case. Campbell v. Coyle, 260 F.3d 531,541 (6th Cir.2001). In this instance, the jury was instructed on the lesser included offense of conspiracy to possess with the intent to sell more than seventy pounds of marijuana. Docket Entry No.28-1 at pg.145. Given the evidence against the petitioner, it does not appear that he was constitutionally harmed by the failure to also instruct the jury regarding facilitation. In the absence of some showing of actual prejudice, the state courts correctly concluded that these claims have no merit. Strickland v. Washington, 466 U.S. 668 (1984)(an ineffective assistance of counsel claim requires some showing of actual prejudice arising from counsel's error).

13

## IV. CONCLUSION

Most of the petitioner's claims are barred due to his unexcused failure to fully and properly exhaust them in the state courts. The state courts determined that the remaining claims that were fully exhausted lack merit. The record supports these findings. The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's remaining claims was neither contrary to nor an unreasonable application of federal law. Consequently, petitioner's remaining claims have no merit.

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge